UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**James Apostolatos**       §
     **Plaintiff**       §
      §
**v.**       §    **Case No.:** _____
**LR Credit 22, LLC**       §
**Mel S. Harris and Associates, LLC**       §
**Mel S. Harris**       §
**Todd Fabacher**      
**John Does # 1 – 10**
     **Defendants**

### ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff James Apostolatos brings suit against Defendant debt collectors for their systematical filing and litigating time-barred lawsuits against Plaintiff and thousands of others in New York, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349 et seq., and New York Judiciary Law § 487 et seq., and in support alleges as follows.

#### A. JURISDICTION AND VENUE

1.     The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue in this District is proper because all or a substantial part of the events or omissions

1

giving rise to their claims occurred in Queens County, New York.

3.      Plaintiff James Apostolatos is an individual who resides in Queens County, New York.

4.      Defendant LR CREDIT 22, LLC is a corporation organized under the laws of the State of New York, with its principal place of business at 315 Park Ave. South, 20th Floor, New York, NY 10010. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

5.      Defendant MEL S. HARRIS AND ASSOCIATES, LLC is a limited liability corporation organized under the laws of the State of New York, with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004. It may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

6.      Defendant Mel S. Harris is an individual who, on information and belief, resides in the State of New York. He may be served at his place of employment, MEL S. HARRIS AND ASSOCIATES, LLC, 5 Hanover Square, 8th Floor, New York, NY 10004, or wherever he may be found.

7.      Defendant Todd Fabacher is an individual who, on information and belief, resides in the State of New York. She may be served at her place of employment, MEL S. HARRIS AND ASSOCIATES, LLC, 5 Hanover Square, 8th Floor, New York, NY 10004, or wherever she may be found.

## B.   STATEMENT OF FACTS

8.      Defendant LR Credit 22, LLC ("LRC") is a debt collector that purchases charged off consumer debts for pennies on the dollar and files lawsuits to collect those alleged debts.

9.      There are currently twenty four LRC entities, numbered LR Credit # 1 - 23 operating in

2                              Last saved 3/5/2013 3:10 PM

New York State (plus an unnumbered LR Credit), according to the New York Secretary of State ("LRC Entities").

10.    The LRC Entities are wholly-owned subsidiaries of the same publically traded corporation, Leucadia National Corporation.

11.    Each of the LRC Entities purchases for pennies on the dollars putative consumer debts after they are charged off with the alleged original creditor.

12.    On information and belief, the reason the LRC Entities create separate corporate debt collection vehicles is to create thinly capitalized corporations to protect their assets when they are sued for violating the FDCPA, and to minimize their exposure for the same.[1]

13.    The LRC Entities exclusively use Mel S. Harris and Associates, LLC ("MSH") to collect the putative debts.

14.    MSH collects these putative debts by filing tens of thousands of collection suits in the name of the LRC Entities, sending out hundreds of thousands of collection letters, and by making hundreds of thousands of collection telephone calls.

15.    A large number of the collection lawsuits go out under the (putative) personal signature of attorney Mel S. Harris ("Harris").

16.    On March 13, 2012, LRC, by and through its agent MSH, filed a collections lawsuit against now-Plaintiff James Apostolatos in Index Number CV-009662-12/QU, LR Credit 22, LLC v. James Apostolatos, New York Civil Court.

---

1 For example, statutory damages for FDCPA class actions are limited to the lesser of $500,000 or one percent of the debt collector's net worth.  15 U.S.C. § 1692k(a)(2)(B).

17.     Harris personally signed the collections lawsuit on March 6, 2012, or at least that representation was made as his signature was affixed to the complaint.

18.     The complaint sought to collect an alleged credit card debt where Chase Bank USA, NA ("Chase") was the original creditor.

19.     The complaint sought interest from August 22, 2008.

20.     On information and belief, August 22, 2008 is thirty days after the date of last payment on the putative account or the charge-off date with the putative original creditor.[2]     (In the Todd Fabacher Affavit of Merit discussed below, Fabacher avers on "personal knowledge" that Mr. Apostolatos defaulted on the putative account on August 22, 2008).

21.     The complaint sought to collect an alleged credit card debt where Chase Bank USA, NA ("Chase") was the original creditor.

22.     The debt collection lawsuit is time barred because it was filed more than three years after the accrual of the cause of action.

23.     Under New York's "borrowing statute," CPLR 202, when a nonresident sues in New York on a cause of action accruing outside New York, the action "cannot be commenced" unless the action is within the statute of limitations of both New York and the jurisdiction where the cause of action accrued.  Portfolio Recovery Assoc., LLC v. King, 927 N.E.2d 1059, 1061-62 (N.Y. 2010), citing to Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (1999).

24.     As a purported creditor contends it suffered an economic harm for a breach of an alleged

---

2  A charge-off occurs when a creditor moves a debt from profit to loss on its balance sheet, typically 180 days after the account becomes delinquent. See, e.g., Fed. Fin. Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 64 Fed. Reg. 6,655 at 6,656 (Noting that commentators representing the credit card industry stated they charged off open-ended credit accounts 180 days after delinquency.)

Last saved 3/5/2013 3:10 PM

credit card agreement, the creditor's cause of action "accrues where the plaintiff resides and sustains the economic impact of the loss." Id. (internal quotes omitted).

25.     Chase has its main office, as set forth in its articles of association,[3] in Delaware, and has its principal place of business in Delaware. This has been true from the date of the alleged default of the account to present. Indeed this has been true since at least February 2001.

26.     Therefore, Chase's cause of action for breach of a credit contract accrued in Delaware.

27.     Further, the statute of limitations for breach of a credit contract is three years under Delaware state law, Del. Code Ann., Tit. 10, § 8106; King at 1060.

28.     Now-Defendants were required to file and serve the collection suit within the same time period as the putative original creditor because LRC, as the putative assignee, cannot stand in better shoes than the putative assignor. King at 1016.

29.     By filing and serving the collection lawsuit, Defendants represented to Plaintiff James Apostolatos and the Court that the debt they were collecting upon was not time barred when in fact it was. Defendants misrepresented that the debts they seek to collect are not time barred for the purposed of deceiving Plaintiff James Apostolatos and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these misrepresentations was to deceive the civil court that now-Defendants were entitled to judgment and costs of court when they were not.

---

3 Corporations have articles of incorporation and a state of incorporation. National banks do not. Instead, national banks designate a state for its "main office" in their "articles of association."

Last saved 3/5/2013 3:10 PM

30. While the FDCPA is a strict liability statute, Defendants actually knew that Chase has its main office, as set forth in its articles of association, in Delaware, and has its principal place of business in Delaware.

31. It is the pattern and practice of MSH, Harris, LCR, and the other LCR Entities to file thousands of time barred collection lawsuits, where the putative original creditor is Chase and the cause of action accrued more than three years from the date they filed and served the collection lawsuit.

32. MSH, Harris, LCR, and the other LCR Entities authorized and directed Defendant Todd Fabacher to file a false affidavit of merit in order to seek a default judgment against Mr. Apostolatos and thousands of other New York consumers.[4]

33. In the case at bar, Defendant Fabacher filed an Affidavit of Merit stating:

> In accordance with CCM-186A this cause of action accrued in the state of NY having a 6 year statute of limitations with respect to collection of debts of this kind. After reasonable inquiry, I have reason to believe that the applicable statute of limitations had not expired as of the date this lawsuit had been commenced.

34. These statements are false. The cause of action accrued in Delaware. When MSH, Harris, LCR, and the other LCR Entities authorized and directed Fabacher to file this and thousands of other identical affidavits they knew the statement that the cause of action accrued in NY and were governed by a 6 year statute of limitation is false. Based on these false representations to the civil

---

4 Authorizing Fabacher to file false affidavits of merit in order to seek default judgments has been the pattern and practice of MSH, Harris, LCR, and the LCR Entities as alleged in a recent class action. *Sykes v. Mel Harris & Associates, LLC*, 757 F. Supp. 2d 413, 420, 424 (S.D.N.Y. 2010) ("Fabacher averred to having personal knowledge of the key facts establishing that the debt in each collection action was due and owing... Plaintiffs... allege that the Leucadia [(LR Credit)] and Mel Harris defendants... knowingly authorized defendant Fabacher to file false affidavits of merit—misleading both the Civil Court and consumer-defendants—to secure default judgments that enabled them to freeze bank accounts, threaten to garnish wages, or pressure individuals into settlements. The FDCPA claims against the Mel Harris defendants are plausible, and their motion to dismiss them is denied.") The *Sykes* class action has been certified by Judge Denny Chin. *Sykes v. Mel Harris & Associates, LLC*, 285 F.R.D. 279 (S.D.N.Y. 2012).

Last saved 3/5/2013 3:10 PM

court clerk and civil court judge, MSH, Harris, Fabacher, LCR, and the other LCR Entities seek and obtain default judgments against Mr. Apostolatos and thousands of other NY consumers on Chase accounts that are in fact time-barred because they are governed by a three year statute of limitations.

35.     MSH, Harris, LRC, and the LRC entities file known time-barred debts because they know 99 % of the consumers are not represented by attorneys, and two thirds of the cases result in default. "There were 241,195 debt collection lawsuits filed in New York in 2009, where 99% of the debtors were not represented by counsel, and where 66% of these cases resulted in defaults." Diaz v. Portfolio Recovery Associates, LLC, 2012 WL 661456 at * 8 (E.D.N.Y. Feb. 28, 2012) report and recommendation adopted, 2012 WL 1882976 (E.D.N.Y. May 24, 2012).

36.     Further, MSH, Harris, and LRC used a false affidavit of service to seek a default judgment against Mr. Apostolatos. Specifically, Defendants filed or directed to be filed an affidavit of service that falsely stated that on March 15, 2012 the process server served the summons and complaint on a John Doe who identified himself as a "relative" of Mr. Apostolatos. Mr. Apostolatos had no relative staying with him at that time. Moreover, the affidavit identified the "relative" as male age 35, 5'6, black hair, 141 – 160 pounds. Mr. Apostolatos has no male relative who in any conceivable manner who resembles the so-called "John Doe" relative.

37.     MSH, Harris, LRC, and the LRC Entities are continuing the same policy and practice of using false affidavits of service to seek default judgments that they have been found to be using for several years now. In certifying the *Sykes* class action previously referenced, Judge Chin

7                            Last saved 3/5/2013 3:10 PM

found that the facts5 that named plaintiffs demonstrated "provide substantial support" for the MSH, Harris, LRC, the LRC Entities, and other parties "regularly engaged in sewer service." Sykes, 285 F.R.D. 279, 284.

38.     Defendants have inflicted damages on Mr. Apostolatos. Mr. Apostolatos has suffered stress, anger, and frustration by Defendants collecting through litigation the known time barred debt and by using sewer service. Plaintiff has paid money because of the time-barred collection lawsuit where judgment was sought using a false affidavit of merit and false affidavit of service. Mr. Apostolatos has also incurred damages in expenses and reasonable attorney's fees in attempting to vacate the default judgment that was procured by deception and fraud.

### C.    COUNT # 1: Violations of the Fair Debt Collection Practices Act.

39.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

---

5 Between January 2007 and January 2011, Samserv defendants performed service of process in 94,123 cases filed by Mel Harris in New York City Civil Court, 59,959 of which were filed on behalf of Leucadia defendants [including the LR Credit Entities]. Records maintained by defendants reveal hundreds of instances of the same process server executing service at two or more locations at the same time. On 517 occasions, defendants Mosquera, Lamb, and Andino, alone, claimed to be have performed service in two or more places at the same time. For example, Mosquera claimed to have performed service at four different locations at 1 p.m. on September 17, 2008. Lamb claimed to have performed service at two different locations at 6:59 p.m. on November 28, 2007. Andino claimed to have performed service at nine different locations at 4 p.m. on March 29, 2007. There were also many other occasions where multiple services were purportedly made so close in time that it would have been impossible for the process server to travel from one location to the other as claimed. These facts, together with the high number of default judgments obtained by defendants, provide substantial support for plaintiffs' assertion that defendants regularly engaged in sewer service.

*Sykes*, 285 F.R.D. 279, 284 (citations to record omitted)

consumers against debt collection abuses." 15 U.S.C. § 1692(e); see also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope.").

41.     Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

42.     The obligation LRC, MSH, and Harris allege to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

43.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

44.     Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692a(6) because their principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

45.     MSH is debt collector because it files tens of thousands of collection lawsuits, sends tens

of thousands of collection lawsuits, and makes tens of thousands of calls seeking to collect debts.

46.     Harris is a debt collector because he (purportedly) signs thousands of collection lawsuit pleadings, and (purportedly) litigates thousands of collection lawsuits. Harris is also a debt collector because, on information and belief, he supervises, directs, and manages the debt collection litigation apparatus for MSH.

47.     Todd Fabacher is a debt collector because, on information and belief, he regularly signs Affidavits of Merit seeking to enter default judgments in thousands of debt collection lawsuits.

48.     LRC is a "debt collector" because it purchases thousands of alleged consumer debts after they are in default with the putative original creditor. LRC regularly attempts to collect these debts, directly or indirectly, through (and exclusively through) MSH, and it is LRC's principle purpose to do so. MSH collects these debt for LRC by filing thousands of collection lawsuits, sending thousands of collection letters, and making thousands of collection phone calls.

49.     John Does # 1 - 10 are persons, currently unknown to Plaintiff, who made the decisions to take the actions that form the basis of this complaint, who made the decision to file and to continue collection lawsuits for time barred debts, who developed the debt collection operations and policies of MSH, LRC or the servicers of LRC, and who exercised control over the operation and management of the collection activities of the same.

50.     The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

51.     Defendants violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d, 1692e, and 1692f. By way of example and not limitation Defendants violated the FDCPA by taking the

Last saved 3/5/2013 3:10 PM

following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the false representation or implication that any individual is an attorney or that any communication is from an attorney; threatening to take and actually taking an action prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; and collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## D. Count # 2: New York General Business Law Section 349 *et seq.*

52.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53.     New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state."

54.     An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h).

55.     As enumerated above, Defendants violated N.Y. Gen. Bus. Law § 349 *et seq.* by using deceptive acts and practices in the conduct of their businesses. This includes threatening, filing,

11

prosecuting, maintaining, and seeking judgment in thousands of lawsuits seeking to collect time barred debts; and seeking post-judgment collections on the same. This also includes Defendant's continued policy and practice of using false affidavits of service to seek and obtain default judgments.

56.     Defendants made implied and express misrepresentations that the debts they seek to collect are not time-barred for the purpose of deceiving Plaintiff and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these implied misrepresentations and express misrepresentations (in the affidavit of merit and the affidavit of service) was to deceive the court that now-Defendants were entitled to judgment and costs of court, when they were not.

57.     Defendants' conduct has a broad impact on consumers at large. Defendants' conduct impacts the thousands of consumers in the state of New York who have had time barred collection lawsuits threatened, filed, maintained, or prosecuted against them. Defendants continued policy and practice in engaging in sewer service also has a broad impact on consumers.

58.     Defendants committed the above described acts willfully and/or knowingly.

59.     Defendants' wrongful and deceptive acts have caused injury and damages to Plaintiff and unless enjoined will cause further irreparable injury.

60.     As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 *et seq.*,

Last saved 3/5/2013 3:10 PM

Plaintiff has suffered compensable harm and is entitled to preliminary and permanent injunctive relief, as to recover actual and treble damages, costs and attorney's fees.

### E. COUNT # 3, New York Judiciary Law § 487 (as to MSH, Harris, and Fabacher only)

61. New York Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

62. MSH, Harris, and Fabacher violated § 487 in their systematic misrepresentations to the courts and to consumers. MSH, Harris, and Fabacher represented that the debts they were collecting upon were not time barred when in fact they were time barred; and they fraudulently induce consumers such as Mr. Apostolatos to make payments on time-barred debts. This also includes Defendant's continued policy and practice of using false affidavits of service to seek and obtain default judgments.

63. MSH, Harris, and Fabacher made these misrepresentations that the debts they seek to collect are not time-barred for the purposed of deceiving Plaintiff and other consumers (least sophisticated or otherwise) into believing they had no basis on limitations grounds to challenge the collection lawsuits; that any attempt to challenge the collection lawsuits on limitations grounds would be futile; and therefore that the consumers should not challenge these suits in court but instead had no choice to pay what was demanded under the (illegal) threat of judgment and court costs on time barred debts. Likewise, the purpose of these implied misrepresentations and express misrepresentations (in the affidavit of merit and the affidavit of service) was to deceive the court that now-Defendants were entitled to judgment and costs of court, when they were not.

13                                    Last saved 3/5/2013 3:10 PM

64.     The violations of § 487 by MSH, Harris, and Fabacher inflicted damages, for the reasons and in the manner previously indicated.

65.     Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for the violations of N.Y. Judiciary Law § 487 by MSH, Harris, and Fabacher, and Plaintiff so seeks.

## F.    JURY DEMAND.

66.     Plaintiff demands a trial by jury.

## G.    PRAYER

67.     WHEREFORE, Plaintiff requests the following relief:

a.  A declaration that all Defendants have committed the violations of law alleged in this action;

b.  An order enjoining and directing all Defendants to cease violating G.B.L. § 349 *et seq.*;

c.  Statutory damages under 15 U.S.C. § 1692k and G.B.L. § 349(h);

d.  Civil penalties under G.B.L. § 349 against all Defendants

e.  Civil penalties under Judiciary Law § 487 against Defendant MSH, Harris, and Fabacher.

f.  Treble damages under G.B.L. § 349 against all Defendants;

g.  Treble damages under Judiciary Law § 487 Defendant MSH, Harris, and Fabacher;

h.  An order awarding disbursements, costs, and attorneys' fees under 15 U.S.C. § 1692k, and G.B.L. § 349 against all Defendants;

i.  An order awarding disbursements, costs, and attorneys' fees under Judiciary Law §

14

487 against all Defendants;

j.   A judgment for actual, statutory, and treble damages;

k.   Prejudgment and post judgment interest as allowed by law;

l.   All other relief, in law and in equity, both special and general, to which Plaintiff may

be justly entitled.

Dated:  Brooklyn, New York
        March 5, 2013

Respectfully submitted,

Ahmad Keshavarz
One of Plaintiff's Attorneys
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com


Harvey Epstein, Esq.
URBAN JUSTICE CENTER

BY:
Nasoan Sheftel-Gomes, of counsel
123 William Street, 16th Floor
New York, NY 10038
Phone: (646) 459-3013 Fax: (212) 533-4598
E-mail: nsheftel-gomes@urbanjustice.org

Last saved 3/5/2013 3:10 PM